LEONIDES LÓPEZ RIVERA, demandante y peticionaria, *v.* ESTADO LIBRE ASOCIADO DE PUERTO RICO, demandado y recurrido.

*Número:* CE-90-247          *Resuelto:* 20 de noviembre de 1990

*Aníbal Lugo,* de *Lugo & Irizarry,* y *José R. Franco Rivera,* abogados de la peticionaria; *Jorge E. Pérez Díaz, Procurador General,* y *Juan R. Deliz Román, Procurador General Auxiliar,* abogados de El Pueblo.

## SENTENCIA

La peticionaria Leonides López Rivera radicó ante el Tribunal Superior de Puerto Rico, Sala de Mayagüez, una demanda mediante la cual impugnó la confiscación de la suma de $54,825 en efectivo que realizara el Estado, relacionada la misma con un allanamiento que la Policía de Puerto Rico había llevado a cabo en su residencia. En dicho allanamiento, los agentes del orden público ocuparon, en adición, varias armas de fuego y sustancias controladas. Luego de que la peticionaria fuera exonerada de toda responsabilidad criminal en relación con las armas de fuego y sustancias controladas ocupadas en su residencia,(1) ésta radicó una moción de sentencia sumaria en la cual alegó, en lo pertinente, que el dinero en controversia era de su exclusiva pertenencia y que el mismo no tenía relación alguna con la evidencia delictiva ocupada. Habiéndose opuesto el Estado a la moción de sentencia sumaria solicitada, el tribunal de instancia señaló la misma para vista. En dicho día, el foro de instancia permitió que las partes presentaran prueba.(2) Mediante resolución escrita de fecha 8 de marzo de 1990, el tribunal de instancia declaró sin lugar la sentencia sumaria solicitada debido a que entendía había controversia sobre la titularidad del dinero ocupado.

Inconforme, la parte demandante acudió, vía *certiorari*, ante este Tribunal. Mediante Resolución de fecha 26 de abril de 1990 le concedimos término al Estado para que mostrara causa

. . . por la cual este Tribunal no deba expedir el auto solicitado, dictar sentencia revocatoria de la resolución emitida por el Tribunal Superior de Puerto Rico, Sala de Mayagüez, *y devolver el caso al foro de instancia para que éste —a base de la prueba ya desfilada por las partes y cualquier otra prueba que tengan éstas a bien*

---

(1) En adición a la peticionaria López Rivera, el Estado radicó cargos criminales contra un nieto de ésta que vivía en la residencia en cuestión.

(2) Por la parte demandante testificó, en adición a la propia peticionaria, el contable Rafael Zapata, quienes testificaron la suma de dinero en controversia provenía de unas cuentas bancarias pertenecientes a la peticionaria y su difunto esposo. Por el Estado, testificó uno de los agentes que participó en el allanamiento; su testimonio fue a los efectos de que el dinero fue ocupado en la habitación que ocupaba en la residencia allanada el nieto de la peticionaria López Rivera.

*presentar— resuelva en definitiva el caso en sus méritos.* (Énfasis suplido.)

El Estado ha comparecido; entiende procede la confirmación de la resolución recurrida por razón de la existencia de controversia sobre hechos materiales.

Procede actuar según lo intimado en la orden de mostrar causa emitida; esto es, devolver el caso al tribunal de instancia para que dicho foro, a la luz de la prueba ya desfilada y aquella otra que entiendan procedente presentar las partes, resuelva el caso en sus méritos.

En consecuencia, se expide el auto de *certiorari* radicado y se dicta sentencia devolviendo el caso al tribunal de instancia para que éste resuelva en definitiva el caso en sus méritos a base de la prueba ya desfilada y cualquiera otra que las partes tengan a bien presentar.

Así lo pronunció y manda el Tribunal y certifica el señor Secretario General. El Juez Asociado Señor Rebollo López emitió opinión concurrente. El Juez Presidente Señor Pons Núñez no intervino.

(*Fdo.*) Francisco R. Agrait Lladó
*Secretario General*

—O—

Opinión concurrente emitida por el Juez Asociado Señor Rebollo López.

El presente recurso nos brinda la oportunidad de expresarnos sobre una práctica, innecesaria y equivocada, en que desafortunadamente están incurriendo, cada día con mayor frecuencia, algunos de nuestros tribunales de instancia al considerar y resolver mociones radicadas al amparo de las disposiciones de la Regla 36 de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III), práctica que resulta perjudicial a una eficiente y sana administración de la justicia.

## I

El día 13 de enero de 1989 agentes de la Policía de Puerto Rico realizaron un allanamiento, en cumplimiento de una orden judicial a esos efectos, en la residencia de la Sra. Leonides López Rivera; sita la misma en la Calle 4, Carretera 311, Kilómetro 6.6, Cabo Rojo, Puerto Rico. Los agentes del orden público ocuparon en dicha residencia armas de fuego, sustancias controladas *y la suma de dinero en efectivo de $54,825.00.*

El Estado procedió a radicar las correspondientes denuncias, por infracciones a las Leyes de Armas y de Sustancias Controladas de Puerto Rico, contra la señora López Rivera y un nieto de ésta, de nombre Marvin Toro Márquez, que igualmente vivía en la descrita residencia. *En adición, el Estado procedió a confiscar la suma de dinero antes mencionada.* Dicha confiscación fue *impugnada* por la señora López Rivera mediante la radicación, ante el Tribunal Superior de Puerto Rico, Sala de Mayagüez, de la correspondiente demanda sobre impugnación de confiscación.

Celebrada la vista preliminar que contempla la Regla 23 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, el magistrado que presidió la misma exoneró a la señora López Rivera de los delitos que se le imputaban. El Estado acató dichas determinaciones. La señora López Rivera procedió entonces a radicar una moción de sentencia sumaria en el pleito civil que sobre impugnación de confiscación había radicado contra el Estado.

En dicha moción de sentencia sumaria, la señora López Rivera alegó que: el dinero ocupado es de su exclusiva propiedad; que dicho dinero en forma alguna está relacionado con actividades ilícitas o "violativas [sic]" de ley alguna, y que, por el contrario, el mismo "procede del remanente del retiro de fondos de unas cuentas bancarias pertenecientes a la Sociedad Legal de Gananciales compuesta por [ella y su esposo ya fallecido] Eliezer Parrilla Medina . . .". Apéndice 3, pág. IV. Procede que se enfatice el hecho de que en dicha moción, la señora López Rivera *enumeró e identificó* las cuentas de banco de donde alegadamente procedía dicho dinero. El Estado, en una tardía "réplica" a la referida

moción de sentencia sumaria, se limitó a expresar, en síntesis, que por razón de que no se podía precisar si el dinero ocupado pertenecía a la señora López Rivera o a su nieto Toro Márquez —razón por la cual existía "una genuina controversia de hechos que [era necesario] adjudicar en un juicio plenario"— se oponía a la referida moción. Apéndice 8, pág. XIV.

El tribunal de instancia procedió a señalar "para vista" la solicitud de sentencia sumaria. La misma se llevó a cabo el día 17 de noviembre de 1989. *Ambas partes, con la anuencia del foro de instancia, presentaron prueba.* La de la parte demandante consistió del testimonio oral de la propia demandante López Rivera y del contable Rafael Zapata. Sus testimonios fueron a los efectos de que el dinero ocupado durante el allanamiento era de la propiedad de la señora López Rivera y que el mismo provenía de las antes mencionadas cuentas bancarias, las libretas de las cuales igualmente fueron presentadas en evidencia. Por último, procede que se señale que la señora López Rivera declaró que el dinero ella lo guardaba en "el interior de un baúl", el cual estaba en la habitación que ella ocupaba en su residencia. El Estado, por su parte, presentó el testimonio del Agente Efraín Padilla, uno de los funcionarios que participaron en el allanamiento en controversia. Éste sostuvo que, a pesar de que efectivamente el dinero fue ocupado en el interior de un baúl, el mismo se encontraba en la habitación del Sr. Marvin Toro Márquez.

El tribunal de instancia, mediante resolución escrita de fecha 8 de marzo de 1990, declaró *sin lugar* la moción de sentencia sumaria radicada por la demandante López Rivera. En apoyo de la referida determinación expresó, en síntesis, que en vista de la "controversia sobre la ubicación del baúl en donde se hallaba el dinero ocupado" —*la cual, presumimos, causó dudas en la mente del juzgador sobre la titularidad del dinero ocupado y su posible relación con actividades delictivas*— y de que estaba "impedido de adjudicar credibilidad en una petición de sentencia sumaria", se veía en la "obligación" de declarar sin lugar la solicitud de sentencia sumaria. Apéndice 17, pág. XXXVIII.

Inconforme, la demandante López Rivera acudió, vía *certiorari*, ante este Tribunal. En dicho recurso le imputó al foro de instancia haber errado al denegar su moción de sentencia sumaria por el fundamento de que existía una "controversia real de hecho que amerita la celebración de un juicio plenario . . . ". Señalamiento de Cuestiones de Derecho.

Mediante Resolución de fecha 26 de abril de 1990 le concedimos término al Estado para que mostrara causa

. . . por la cual este Tribunal no deba expedir el auto solicitado, dictar sentencia revocatoria de la resolución emitida por el Tribunal Superior de Puerto Rico, Sala de Mayagüez, *y devolver el caso al foro de instancia para que éste —a base de la prueba ya desfilada por las partes y cualquier otra prueba que tengan éstas a bien presentar— resuelva en definitiva el caso en sus méritos.* (Énfasis suplido.)

El Estado ha comparecido. En su comparecencia, el Procurador General de Puerto Rico *se limita* a exponer que procede la confirmación de la resolución recurrida por cuanto existe una controversia de hechos que impide que el asunto se dilucide en un procedimiento de sentencia sumaria. Obviamente dicho funcionario *no* entendió nuestra orden de mostrar causa ya que no hay duda alguna de que efectivamente existe controversia de hechos. *La orden de mostrar causa emitida, como surge de una simple lectura de la misma, persigue otro propósito.* Procede resolver según lo intimado en la misma; veamos por qué.

## II

Como es sabido, el mecanismo procesal de la sentencia sumaria que provee la Regla 36 de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III) es uno que resulta de gran utilidad cuando es sabiamente utilizado por los tribunales de instancia. Dicho mecanismo ayuda a descongestionar el pesado y complicado calendario de casos civiles pendientes ante dichos foros, lográndose de esta forma la rápida y eficiente solución de muchos litigios. Cuando dicho mecanismo se utiliza en forma incorrecta, sin embargo, el

mismo a la larga paradójicamente causa dilación en la solución de los litigios por cuanto, de ordinario, luego del correspondiente proceso de revisión de la sentencia dictada sumariamente, ésta es revocada por el tribunal apelativo.

De ordinario las controversias planteadas en un litigio deben ser dilucidadas en un juicio plenario. Ante una moción de sentencia sumaria y su oposición, el juzgador deberá analizar concienzudamente las mismas, y sus anejos, con el propósito de determinar si queda algún hecho material en controversia o si existen alegaciones afirmativas en la demanda radicada que no han sido refutadas; en cualquiera de dichos casos, de ello ser así, el tribunal deberá denegar la solicitud de sentencia sumaria. *Cuadrado Lugo v. Santiago Rodríguez*, 126 D.P.R. 272 (1990); *Corp. Presiding Bishop CJC of LDS v. Purcell*, 117 D.P.R. 714 (1986).

Es sobre la parte que solicita la sentencia sumaria que recae el peso de establecer la inexistencia de una controversia real sobre todo hecho material y pertinente que a la luz del derecho sustantivo aplicable determinaría una sentencia a su favor como cuestión de derecho. *Roth v. Lugo*, 87 D.P.R. 386 (1963). De otro lado, le corresponde a la parte promovida rebatir dicha posición por vía de declaraciones juradas, u otra documentación, que apoye su posición, pues si bien el no hacerlo necesariamente no significa que ha de emitirse el dictamen sumario automáticamente en su contra, tal omisión le pone en riesgo de que ello ocurra. *Corp. Presiding Bishop CJC of LDS v. Purcell*, ante; *Flores v. Municipio de Caguas*, 114 D.P.R. 521 (1983).

En resumen, procede que se dicte una sentencia sumaria únicamente cuando el tribunal determina que no existe controversia real sobre hecho material alguno y que sólo resta la aplicación del derecho a dichos hechos incontrovertidos. En la evaluación que a esos efectos lleva a cabo el tribunal, éste puede hacer uso de las presunciones de ley, del conocimiento judicial, de la cosa juzgada, pero no debe entrar en el aspecto de la credibilidad de los "testimonios" ante su consideración a menos que ocurra la situación extrema de un hecho intrínsecamente invero-

símil o irreal. *García López v. Méndez García*, 88 D.P.R. 363 (1963); *Roth v. Lugo*, ante.

*Es debido a lo anteriormente señalado que los tribunales de instancia de ordinario deben evitar el señalamiento y celebración de vistas evidenciarias respecto a solicitudes de sentencias sumarias.* Radicada la moción en solicitud de sentencia sumaria, y su oposición, la primera función del tribunal lo es, repetimos, la de *escudriñar* las mismas con el propósito de determinar la existencia, o inexistencia, de controversias respecto a hechos materiales y pertinentes. *No debe incurrirse en la práctica de señalar una vista con el propósito de que las partes aporten prueba que pueden hacer mediante declaraciones juradas por escrito.* Al estar impedidos de dirimir credibilidad en un procedimiento de sentencia sumaria, no hay razón alguna —salvo situaciones extraordinarias— para la celebración de estas vistas; las mismas constituyen un mal gasto de tiempo y de recursos. *En otras palabras, bajo la Regla 36 de Procedimiento Civil de 1979,* ante, *no hay cabida para la celebración de "mini juicios".*

## III

No tenemos duda alguna de que aun cuando la evidencia, tanto oral como documental, presentada por la demandante peticionaria López Rivera —a los efectos de demostrar que el dinero confiscado por el Estado es de la exclusiva pertenencia de ésta, razón por la cual legalmente no procedería su confiscación— es una que ciertamente resulta ser robusta y convincente, la prueba presentada por el Estado, sobre el lugar específico de la residencia en que se encontró dicho dinero, es una que causa una controversia sustancial sobre un hecho material; esto es, sobre quién en realidad es el "dueño" del dinero ocupado y, por lo tanto, sobre la procedencia en derecho del pleito de confiscación radicado. Ante esa situación, y conforme las disposiciones de la Regla 36 de Procedimiento Civil de 1979, ante, el tribunal de instancia estaba impedido de dictar sentencia sumaria; razón por la cual resulta enteramente correcta en derecho la resolución recurrida.

Como hemos visto, sin embargo, el foro de instancia —en el proceso de llegar a esa determinación— equivocada e innecesariamente celebró un "mini juicio"; esto es, escuchó prácticamente toda la prueba con que las partes posiblemente cuentan en apoyo de sus respectivas posiciones.

Es por ello —y con el obvio propósito en mente de la economía procesal— que este Tribunal emitió la orden de mostrar causa antes reseñada. Somos del criterio que constituiría una pérdida de tiempo y de recursos ordenar la celebración de una "nueva" vista plenaria en este caso. Dicha vista prácticamente ya fue celebrada por el tribunal de instancia. No hay razón alguna que justifique el hecho de que el tribunal de instancia tenga que escuchar nuevamente la prueba ya desfilada por las partes.

Debido a lo anteriormente expresado es que concurrimos plenamente con el resultado a que se llega en la sentencia emitida, esto es, devolver el caso a instancia con instrucciones que proceda a resolver el mismo a base de la prueba ya desfilada y cualquier otra prueba que tengan a bien presentar las partes.