Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| CONSEJO DE TITULARES DEL CONDOMINIO CHALET LAS MUESAS, Y OTROS<br><br>Demandante Peticionaria<br><br>V.<br><br>MAPRFE PRAICO INSURANCE COMPANY<br><br>Demandada Recurrida | KLCE202301349 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.: CG2019CV03306 (702)<br><br>Sobre: SEGUROS/ INCUMPLIMIENTO/ ASEGURADORAS/ HURACANES/IRMA, MARÍA |
| --- | --- | --- |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Jueza Grana Martínez y el Juez Pérez Ocasio.

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 26 de enero de 2024.

Comparece ante este Tribunal, los peticionarios, Consejo de Titulares del Condominio Chalets Las Muesas, Attenure Holdings Trust 9 y HRH Property Holdings LLC, (en adelante parte peticionaria o el Consejo de Titulares) el 1 de diciembre de 2023 mediante un recurso de *certiorari*. En este nos solicitan que revoquemos una determinación emitida el 23 de agosto de 2023 por el Tribunal de Primera Instancia (en adelante, TPI), Sala Superior de Caguas, donde el foro a *quo* denegó la solicitud de Sentencia Sumaria y la Reconsideración de Sentencia Sumaria presentada por la parte peticionaria.[1] La parte recurrida, Mapfre Praico Insurance Company, (en adelante, Mapfre, o parte recurrida) presentó su oposición a la expedición del recurso el 11 de diciembre de 2023.

Con el beneficio de la comparecencia y examinado el recurso, por los fundamentos que se exponen a continuación, expedimos el auto y revocamos el dictamen emitido y se devuelve al Tribunal de

---

[1] Véase SUMAC entrada 118.

Primera Instancia, Sala Superior de Caguas, para que cumpla con la Regla 36.4 de las de Procedimiento Civil, *infra*.

## I.

Los hechos procesales pertinentes para resolver este recurso son los siguientes.

La demanda de epígrafe se presentó el 4 de septiembre de 2019, a raíz del paso del huracán María. En síntesis, la parte demandante alegó incumplimiento de contrato por parte de Mapfre y dolo en la ejecución de un contrato. También solicitaron mediante una sentencia declaratoria, que se emitiera un pago a su favor por la cantidad estimada en $6,546,702.77, así como honorarios de abogados y gastos incurridos, entre otras cosas.

Alegaron que Mapfre emitió una póliza de propiedad comercial (póliza núm. 54-CP-200004546-1) a favor del Condominio Chalets Las Muesas para asegurar contra todo riesgo de pérdida física o daños, incluyendo aquellos causados por huracanes, que la misma estaba vigente y a la fecha de los daños causados por el Huracán María, Chalets Las Muesas estaba en cumplimiento con todas sus obligaciones bajo la Póliza de Seguro, incluyendo el pago de las primas. Adujeron que Mapfre se rehusó pagar, en contravención a los términos de la póliza y a las disposiciones aplicables al manejo de las reclamaciones de seguros en Puerto Rico, las cuales se incorporan por operación de ley a los términos de la póliza que Mapfre le vendió al Consejo de Titulares del Condominio Chalets Las Muesas. El período de vigencia de la póliza era desde el 8 de diciembre de 2016 hasta el 8 de diciembre de 2017. Luego de varias controversias suscitadas entre las partes e irrelevantes a la controversia que hoy atendemos, el 18 de diciembre de 2020, Mapfre presentó la contestación de la demanda. Posteriormente y culminado el descubrimiento de prueba, Mapfre por conducto de su ajustador, el señor Omar Acevedo, notificó el informe de ajuste

estimando los daños sufridos ascendentes a $309,384.33, luego de descontarle los deducibles y exclusiones aplicables.

El Consejo de Titulares presentó una *Moción de Sentencia Sumaria* solicitando que Mapfre le pagara la cantidad de $309,384.33 por concepto de ajuste en adelanto, toda vez que se constituía como un reconocimiento de deuda. Señala la parte peticionaria que el ajuste sometido por Mapfre ocurrió fuera del período de noventa (90) días establecido en el Art. 27.162 del Código de Seguros.[2] Entre otras cosas, manifestó que este pago era relacionado a su segunda causa de acción y Mapfre no había cuestionado la validez de la cuantía.[3]

El foro primario denegó la solicitud de sentencia sumaria presentada por la parte peticionaria, y posteriormente denegó la reconsideración de esta. Puntualizó el TPI que "*la complejidad de este caso no admite disposición sumaria*".[4] Posteriormente, las partes sometieron una moción conjunta solicitando paralización de los procedimientos y notificando conversaciones transaccionales. Sin embargo, el Consejo de Titulares radicó el recurso que nos ocupa el 1 de diciembre de 2023. El recurrido presentó su oposición el 11 de diciembre de 2023. En ella, alegó que el pago solicitado por el Consejo de Titulares por la suma de $309,384.33 se trataba del ajuste del estimado de daños contenido en el informe rendido por Mapfre. Señaló a su vez, que dicho ajuste no había sido aceptado por los peticionarios, y que tampoco se consideraba un reconocimiento de deuda.

Inconforme con el proceder del TPI, la parte peticionaria recurre ante este Tribunal y realiza el siguiente señalamiento de error:

---

[2] Ley Núm. 77-1957, según enmendada, 26 LPRA sec. 2716b.
[3] Véase SUMAC, entrada 116.
[4] Véase SUMAC, entrada 118, 123.

**ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL NO PERMITIR LA MOCIÓN DE SENTENCIA SUMARIA PARCIAL SOLICITANDO EL PAGO DE LAS PARTIDAS QUE LA ASEGURADORA ENTENDIÓ PROCEDENTES EN SU AJUSTE DE LA RECLAMACIÓN, POR EL CASO SER MUY COMPLEJO PARA PERMITIR MOCIONES DE SENTENCIAS SUMARIAS**.

Con la comparecencia de ambas partes, procedemos a resolver.

## II.

### *A. Certiorari*

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. Art. 670 del Código de Enjuiciamiento Civil de 1933, 32 LPRA sec. 3491; *Rivera Gómez y otros v. Arcos de Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, 212 DPR ___ (2023); *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); *800 Ponce de León Corp. v. American International Insurance Company of Puerto Rico*, 205 DPR 163, 174 (2020); *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 710 (2019). Aunque la característica principal del recurso reside en el carácter discrecional del mismo, tal determinación no es irrestricta, está sujeta a los criterios señalados en la Regla 52.1 de Procedimiento Civil. Advertimos que esta Regla ha sufrido modificaciones a través del tiempo para expandir el marco discrecional que ostentan los foros revisores en la expedición del recurso.

En la actualidad, la Regla 52.1 de Procedimiento Civil específicamente dispone que el recurso de *certiorari* solamente será expedido:

> [p]ara revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo.

No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

32 LPRA Ap. V, R. 52.1.

Superado el análisis al amparo de la Regla 52.1 de Procedimiento Civil, *supra,* el foro apelativo deberá auscultar los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones para guiar su discreción al intervenir con la resolución u orden interlocutoria recurrida. La Regla 40 dispone:

El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B) Si la situación de los hechos planteada es la más indicada para analizar el problema.

C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.

D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.

E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Los tribunales apelativos no debemos intervenir en las determinaciones del foro primario a menos que se demuestre que el juzgador: (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera y Otros v. Bco. Popular*, 152 DPR 140, 155 (2000); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

### B. Sentencia Sumaria

La sentencia sumaria promueve una solución justa, rápida y económica para litigios de naturaleza civil en los que no hay controversia genuina sobre hechos materiales que componen la causa de acción. *Birriel Colón v. Econo y otros*, 2023 TSPR 120, 213 DPR ___ (2023); *Acevedo y otros v. Depto. Hacienda y otros*, 2023 TSPR 80, 212 DPR ___ (2023); *González Santiago v. Baxter Healthcare*, 202 DPR 281, 290 (2019). La Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R. 36, establece que la sentencia sumaria procede cuando las alegaciones, deposiciones y admisiones ofrecidas, en unión a las declaraciones juradas y alguna otra evidencia, acreditan que no existe una controversia real y sustancial respecto a algún hecho esencial y material. *Íd.*, pág. 291.

El tribunal podrá dictar sentencia sumaria a favor del promovente, sin necesidad de celebrar un juicio, si no existe controversia de los hechos materiales que motivaron el pleito y únicamente resta aplicar el derecho a los no controvertidos. *González Meléndez v. Mun. San Juan et al.*, 2023 TSPR 95, 212 DPR ___ (2023); *Acevedo y otros v. Depto. Hacienda y otros*, supra; *Roldán Flores v. M. Cuevas et al.*, 199 DPR 664, 676 (2018). Ahora bien, la

sentencia sumaria únicamente procede cuando el derecho aplicable lo justifica. *Oriental Bank v. Perapi et al*, 192 DPR 7, 25 (2014).

La parte promovente de la moción de sentencia sumaria tiene que desglosar los hechos sobre los que alega no existe controversia. Además de especificar para cada uno la página o párrafo de la declaración jurada u otra prueba admisible en evidencia que lo apoya. 32 LPRA, Ap. V, Reg. 36.3; *Roldán Flores v. M. Cuevas et al.*, supra; *Ramos Pérez v. Univisión*, 178 DPR 200, 213 (2010). Mientras que, la parte que se opone a una moción de sentencia sumaria, no se puede quedar cruzado de brazos, tiene que demostrar que existe controversia en cuanto a algún hecho material. Se considera un hecho material aquel que pueda afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable o los elementos de la causa de acción. *Meléndez González v. M. Cuebas*, 193 DPR 100, 110 (2015); *Roldán Flores v. M. Cuevas et al.*, supra. Para ello, el promovido deberá presentar una contestación detallada y específica, y refutar los hechos que entiende que están en disputa con evidencia sustancial. *Birriel Colón v. Econo y otros*, supra; *Abrams Rivera v. E.L.A.*, 178 DPR 914, 933 (2010). Si, al contrario, asume una actitud pasiva y descansa únicamente en sus alegaciones, se expone a que se dicte sentencia sumaria en su contra sin la oportunidad de un juicio en su fondo, claro está, siempre que en Derecho proceda. *León Torres v. Rivera Lebrón*, 204 DPR 20, 43-44 (2020).

Cualquier duda no es suficiente para derrotar la procedencia de una moción de sentencia sumaria. La duda existente tiene que permitir concluir que existe una controversia real y sustancial sobre hechos relevantes y pertinentes. Los tribunales solo podemos concluir que existe una controversia real y sustancial en cuanto a un hecho material, cuando el oponente presenta prueba que podría

inducir a un juzgador racional a resolver a su favor. *Oriental Bank v. Perapi et al*, supra, pág. 26.

La sentencia sumaria tampoco procede, si existen alegaciones afirmativas en la demanda que no han sido refutadas y de los documentos que acompañan la moción de sentencia sumaria surge controversia sobre algún hecho material y esencial, o cuando como cuestión de derecho no procede el remedio sumario. *Oriental Bank v. Perapi et al,* supra, págs. 26, 27.

En cuanto al análisis que deberá llevar a cabo el foro apelativo resaltamos que ha de utilizar los mismos criterios que el Tribunal de Primera Instancia al determinar si procede una sentencia sumaria. No obstante, al revisar la determinación del foro primario, únicamente podrá considerar los documentos que se presentaron ante ese foro. Es decir, las partes no podrán traer en apelación evidencia que no fue presentada oportunamente ante el Tribunal de Primera Instancia, ni esbozar teorías nuevas o esgrimir asuntos nuevos. El tribunal apelativo únicamente puede determinar si existe o no alguna controversia genuina de hechos materiales y esenciales y si el derecho se aplicó correctamente. Sin embargo, no puede adjudicar hechos materiales en disputa porque esa tarea le corresponde al foro de primera instancia. *Meléndez González v. M. Cuevas,* supra, págs. 114, 116.

Ahora bien, la Regla 36.4 de Procedimiento Civil, dispone lo siguiente:

> Si en virtud de una moción presentada bajo las disposiciones de esta regla no se dicta sentencia sobre la totalidad del pleito, no se concede todo el remedio solicitado o se deniega la moción, y es necesario celebrar juicio, **será obligatorio que el tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos**, y hasta qué extremo la cuantía de los daños u otra reparación no está en controversia, ordenando los procedimientos ulteriores que sean justos en el pleito, incluso una vista

evidenciaria limitada a los asuntos en controversia. Al celebrarse el juicio, se considerarán probados los hechos así especificados y se procederá de conformidad.

A base de las determinaciones realizadas en virtud de esta regla, el tribunal dictará los correspondientes remedios, si alguno. 32 LPRA Ap. V.

La Regla 36.4 Procedimiento Civil y su jurisprudencia interpretativa aplican cuando el foro primario no decide el pleito en virtud de una sentencia sumaria. Esta regla delimita las instancias en las que el tribunal estará obligado a resolver la moción de sentencia sumaria, mediante una determinación que incluya los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertibles. La aplicación de la antedicha regla procede cuando: (1) no se dicta sentencia sumaria sobre la totalidad del pleito, (2) no se conceda todo el remedio solicitado y (3) se deniega la moción de sentencia sumaria presentada. Estas tres instancias conllevan la celebración de un juicio en su fondo. En dichas tres instancias, el tribunal deberá consignar los hechos sobre los cuales no existe controversia, puesto que será innecesario pasar prueba sobre estos durante el juicio. *Pérez Vargas v. Office Depot*, 203 DPR 687, 696-697 (2019).

Como norma general se ha reconocido que la sentencia sumaria procede en todo tipo de caso y en cualquier contexto sustantivo, independientemente de lo complejas que sean las controversias en un pleito. *Meléndez González v. M. Cuebas*, supra, pág. 120. Ciertamente, existen litigios y controversias que, por su naturaleza, no resulta aconsejable resolverlos mediante una sentencia dictada sumariamente; ello, en vista de que en tales casos un tribunal difícilmente podrá reunir ante sí toda la verdad de los hechos a través de affidávits, deposiciones o declaraciones juradas. *Soto v. Hotel Caribe Hilton*, 137 DPR 294, 311 (1994); *García López v. Méndez García*, 88 DPR 363, 379 (1963). Algunos ejemplos son

casos en que se plantea si hay o no negligencia o en los que resulta importante determinar el estado mental de ordinario no deben resolverse por la vía sumaria. *Ramos Pérez v. Univision,* 178 DPR 200, 212 (2010); *Cuadrado Lugo v. Santiago Rodríguez,* 126 DPR 272, 279 (1990).

**III.**

En la *Orden* impugnada en el presente recurso,[5] en la que el TPI denegó la solicitud de sentencia sumaria presentada por la parte peticionaria, dicho foro no llevó a cabo el ejercicio que requiere la Regla 36.4 de Procedimiento Civil, *supra.* Por lo cual, a tenor con la autoridad que nos concede la Regla 52.1 de Procedimiento Civil, *supra,* para atender una denegatoria de una moción de carácter dispositivo, y los criterios (A), (E) y (F) de la Regla 40 de nuestro Reglamento, *supra,* concluimos que procede la expedición del auto.

La Regla 36.4 de Procedimiento Civil, *supra,* claramente dispone que, si se deniega una moción de sentencia sumaria, "<u>será obligatorio</u> que el tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente de buena fe controvertidos".

En su determinación, el TPI denegó la moción de sentencia sumaria expresando que "*la complejidad de este caso no admite disposición sumaria*". No incluyó una enumeración de los hechos incontrovertidos ni aquellos que se encuentran en controversia. No hay duda de que el Tribunal Supremo de Puerto Rico ha expresado que existen litigios y controversias que por su naturaleza no resulta aconsejable resolverlos mediante una sentencia dictada sumariamente. No obstante, de manera alguna ha dispuesto que al así hacerlo no se cumpla con las disposiciones de la Regla 36.4 de

---

[5] Véase SUMAC, entrada 118, 123.

Procedimiento Civil, *supra.* Como se ha mencionado, a tenor con la Regla 36.4 el TPI tiene la obligación de establecer los hechos que están o no en controversia cuando se deniega en parte o totalmente una solicitud de sentencia sumaria.

Por consiguiente, procede expedir el auto de c*ertiorari*, revocar la determinación recurrida y devolver el caso al TPI para que emita un dictamen que cumpla con las exigencias de la Regla 36.4 de Procedimiento Civil. Ésta es la única forma de propiciar una revisión adecuada del dictamen por parte de este foro apelativo.

**IV.**

Por los fundamentos antes expuestos expedimos el auto y revocamos el dictamen emitido y se devuelve al Tribunal de Primera Instancia, para que cumpla con la evaluación de la solicitud de sentencia sumaria conforme los parámetros aquí señalados.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones