ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| ROSE REYES SANTOS Y OTROS<br><br>Apelada<br><br>V.<br><br>LUMA ENERGY, LLC Y OTROS<br><br>**LIBERTY COMMUNICATIONS OF PUERTO RICO, LLC**<br><br>Apelante | TA2026AP00172 | *APELACIÓN* procedente del Tribunal de Primera Instancia Sala de Bayamón<br><br>Caso Núm. BY2024CV03459<br><br>Sobre:<br><br>Daños y Perjuicios |
|---|---|---|

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz, y la juez Aldebol Mora

**Brignoni Mártir, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 27 de marzo de 2026.

Comparece ante nos Liberty Communications of Puerto Rico (en adelante "Liberty" o "apelante"), a los fines de solicitar nuestra intervención para que dejemos sin efecto la *Sentencia Sumaria Parcial* emitida el 13 de enero de 2026, notificada el día 16 del mismo mes y año, por el Tribunal de Primera Instancia, Sala Superior de Bayamón. Mediante el referido dictamen, el foro sentenciador declaró *Ha Lugar* la *Solicitud de Sentencia Sumaria y Réplica a Demanda Contra Coparte* presentada por LUMA Energy, LLC y LUMA Energy ServCo, LLC (en adelante "LUMA" o "apelada"). En su consecuencia, desestimó con perjuicio la *Demanda* en contra de LUMA, presentada por Rosa Reyes Santos y Ángel Sepúlveda Rosado (en adelante y en conjunto "demandantes") sobre daños y perjuicios, y ordenó la continuación de los procedimientos en cuanto a las demás partes.

Por los fundamentos que exponemos a continuación, se revoca la *Sentencia* apelada. En consecuencia, se declara No Ha Lugar la *Solicitud*

*de Sentencia Sumaria* promovida por la parte apelada y se devuelve el caso al foro sentenciador para iniciar un descubrimiento de prueba. Veamos.

**I.**

El 13 de junio de 2024, los demandantes presentaron una *Demanda* en contra de LUMA sobre daños y perjuicios.[1] Alegaron que el 7 de julio de 2023, los demandantes y uno de sus caballos recibieron senda descarga eléctrica, producto del tendido eléctrico que estaba tirado y se encontraba en contacto con la verja de su residencia. Sostuvieron que, como consecuencia, han experimentado daños físicos y emocionales, al igual que la pérdida del equino. Arguyeron que LUMA responde por los daños sufridos por tener a su cargo la seguridad y mantenimiento de las líneas eléctricas en Puerto Rico.

El 22 de agosto de 2024, LUMA presentó su *Contestación a Demanda*[2]*,* en la que alegó que no incurrió en ningún acto u omisión culposo o negligente. Además, como parte de sus defensas afirmativas, sostuvo que había una falta de parte indispensable, en la medida que algún tercero podía ser responsable por los alegados daños sufridos.

Posteriormente, luego de varios incidentes procesales, el 21 de abril de 2025, los demandantes presentaron una *Demanda Enmendada*[3]. A través de esta, incluyeron como partes codemandadas a Liberty y a la compañía Puerto Rico Telephone Company h/n/c Claro Puerto Rico (en adelante "PRTC"). Alegaron que los codemandados responden solidaria y/o mancomunadamente por los daños sufridos.

El 26 de junio de 2025, Liberty presentó su Contestación a *Demanda Enmendada*[4]. Alegó, como parte de sus defensas afirmativas, que el suceso se debió a la culpa o negligencia de un tercero. Asimismo, sostuvo que el área donde alegadamente ocurrió el incidente no se encuentra bajo su control y mantenimiento, y que no tiene cables o instalaciones en el

---

[1] Entrada Núm. 1 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Tribunal de Primera Instancia (SUMAC TPI).
[2] Entrada Núm. 12 del SUMAC TPI.
[3] Entrada Núm. 23 del SUMAC TPI.
[4] Entrada Núm. 38 del SUMAC TPI.

mencionado lugar. Igualmente, en esa misma fecha presentó una *Demanda Contra Coparte*[5] en contra de LUMA. Alegó que, de ser ciertas las alegaciones de la *Demanda*, es LUMA quien debe responder frente a los demandantes.

Por su parte, el 17 de julio de 2025, LUMA presentó una *Solicitud de Sentencia Sumaria y Réplica a Demanda Contra Coparte*.[6] En síntesis, alegó que el poste y los cables involucrados en el accidente no forman parte del sistema de transmisión y distribución de energía eléctrica que LUMA maneja. Además, sostuvo que en la *Demanda Contra Coparte* no se presentó ninguna prueba que evidencie que Liberty realizó una investigación para concluir que es LUMA la responsable de los daños. Asimismo, como parte de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, adujo que "[e]l personal de LUMA observó que el poste de madera es uno de facilidades de comunicaciones y no contaba con facilidades eléctricas por lo que no forma parte del sistema de transmisión y distribución eléctrico que maneja LUMA".[7]

El 28 de julio de 2025, los demandantes presentaron una *Moción en Oposición a Sentencia Sumaria*.[8] Alegaron que el mencionado hecho no es susceptible de ser estipulado como hecho incontrovertido. Adujeron que LUMA fundamentó su solicitud en una declaración jurada de uno de sus empleados y que dicha declaración era "self-serving", ya que favorece exclusivamente a LUMA. Además, sostuvieron que esta era una reproducción casi literal de una certificación de una alegada investigación interna del área, realizada por LUMA, que carece de autenticidad y no es susceptible de corroboración independiente. Finalmente, argumentaron que existe controversia sobre la propiedad, control y manejo de los cables que ocasionaron los daños alegados.

---

[5] Entrada Núm. 39 del SUMAC TPI.
[6] Entrada Núm. 42 del SUMAC TPI.
[7] Cabe destacar que Liberty no presentó ningún escrito en oposición a la *Solicitud de Sentencia Sumaria y Réplica a Demanda Contra Coparte* promovida por LUMA.
[8] Entrada Núm. 45 del SUMAC TPI.

Luego de varios trámites procesales, el 13 de enero de 2026[9], el foro primario emitió la *Sentencia Sumaria Parcial*[10] que hoy nos ocupa. En el referido dictamen, declaró *Ha Lugar* la *Solicitud de Sentencia Sumaria y Réplica a Demanda contra Coparte* promovida por LUMA. En su consecuencia, desestimó con perjuicio la *Demanda* en contra de LUMA, y ordenó la continuación de los procedimientos en cuanto a las demás partes.

Inconforme, el 17 de febrero de 2026, la parte apelante compareció ante nos mediante un escrito de *Apelación*[11] y esbozó los siguientes señalamientos de error:

PRIMER ERROR: Cometió error manifiesto el Honorable Tribunal de Primera Instancia, Sala Superior de Bayamón, al declarar Ha Lugar una solicitud de sentencia sumaria radicada por LUMA, existiendo controversias de hechos esenciales y materiales que requieren descubrimiento de prueba para ser esclarecidas.

SEGUNDO ERROR: Cometió error manifiesto el Honorable Tribunal de Primera Instancia, Sala Superior de Bayamón, al declarar Ha Lugar una solicitud de sentencia sumaria por insuficiencia de prueba en etapas iniciales del pleito, sin permitir a las partes realizar un descubrimiento de prueba adecuado sobre los hechos materiales en controversia.

TERCER ERROR: Cometió error manifiesto el Honorable Tribunal de Primera Instancia, Sala Superior de Bayamón, al declarar Ha Lugar una solicitud de sentencia sumaria a favor de la codemandada LUMA, cuando de la propia solicitud de sentencia sumaria y[*sic*] surgen contradicciones de asuntos materiales al caso, que impiden dictar dicho remedio en esta etapa.

En cumplimiento con nuestra *Resolución* del 19 de febrero de 2026, la parte apelada compareció ante nos mediante un *Alegato de la Parte Apelada, LUMA Energy LLC y LUMA Energy ServCo LLC*[12] el 19 de marzo de 2026.

En síntesis, alegó que del expediente surge claramente que la infraestructura alegadamente causante del incidente no forma parte del sistema de transmisión y distribución eléctrica administrado por LUMA, sino que corresponde a instalaciones de telecomunicaciones. Adujo que la parte apelante no presentó ninguna evidencia que refute la certificación y declaración jurada que emitió el empleado de LUMA que acudió el día de

---

[9] Notificada el 16 de enero de 2026.
[10] Entrada Núm. 62 del SUMAC TPI.
[11] Entrada Núm. 1 del SUMAC TA.
[12] Entrada Núm. 3 del SUMAC TA.

los hechos a la escena. Sostuvo que los cables de comunicaciones como el "mensajero de comunicaciones" contienen energía en poca cantidad, y que ello es consistente con las condiciones del cable en cuestión, según observó y reportó el empleado de LUMA en su declaración jurada, por lo que no existe base para imputarle responsabilidad.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II.**

En cuanto al mecanismo de sentencia sumaria, nuestro ordenamiento jurídico contempla que cualquiera de las partes pueda solicitar que se disponga sumariamente la totalidad o cualquier parte de una reclamación. Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R. 36; *Torres Pagán et al. v. Mun. de Ponce*, 191 DPR 583, 597 (2014). La Regla 36, *supra*, exige que el peticionario de un dictamen sumario establezca su derecho con claridad y demuestre que no existe controversia sustancial sobre algún hecho material; es decir, suficiente para que no sea necesario dirimirlo en un juicio plenario. *SLG Zapata-Rivera v. JF Montalvo*, 189 DPR 414 (2013). Para ello, la parte promovente viene obligada a desglosar los hechos relevantes sobre los cuales aduce que no existe controversia sustancial, en párrafos debidamente numerados y, para cada uno de ellos, especificar la página o párrafo de la declaración jurada u otra prueba admisible en evidencia que lo apoya. *Íd.*; Regla 36.3(a)(4), *supra*.

Asimismo, la Regla 36, *supra*, regula la oposición a que se dicte sentencia sumaria, la cual debe citar específicamente los párrafos enumerados que entiende están en controversia y, para cada uno de los que pretende controvertir, detallar la evidencia admisible que sostiene su impugnación con cita a la página o sección pertinente. *Íd.*, inciso 3(b)(2). Como se puede apreciar, el oponente debe controvertir la prueba presentada con evidencia sustancial y no puede simplemente descansar en sus alegaciones. *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664 (2018). En la medida en que meras afirmaciones no bastan para derrotar

una solicitud de sentencia sumaria, la parte opositora debe presentar contradeclaraciones juradas y contradocumentos que pongan en controversia los hechos presentados. *Íd.*; *Ramos Pérez v. Univisión*, 178 DPR 200 (2010).

El oponente a la moción de sentencia sumaria está obligado a establecer que existe una controversia que sea real en cuanto a algún hecho material a la controversia y, en ese sentido, no es cualquier duda la suficiente para derrotar la solicitud. *Meléndez González et al. v. M. Cuebas*, 193 DPR 100 (2015). En efecto, la duda debe ser tal que permita concluir que existe una controversia real y sustancial sobre los hechos materiales. *Íd.* (*citando a Ramos Pérez v. Univisión, supra*, pág. 214). Además, la parte promovida tiene que puntualizar los hechos propuestos que pretende controvertir, haciendo referencia a la prueba específica que sostiene su posición. *León Torres v. Rivera Lebrón,* 204 DPR 20, 44 (2020). Es decir, "la parte opositora tiene el peso de presentar evidencia sustancial que apoye los hechos materiales que alega están en disputa". *Íd.* De esta forma, no puede descansar en meras aseveraciones o negaciones de sus alegaciones, sino que debe proveer contradeclaraciones juradas y documentos que sustenten los hechos materiales en disputa. *SLG Zapata-Rivera v. JF Montalvo*, supra; *Ramos Pérez v. Univisión*, *supra*, pág. 215; *Cruz Marcano v. Sánchez Tarazona*, 172 DPR 526, 550 (2007).

Según la Regla 36.3(b) de Procedimiento Civil, *supra*, R. 36.3(b), la parte debe presentar la contestación a la moción de sentencia sumaria dentro del término de veinte (20) días de su notificación. Si dicha parte no presenta la contestación dentro de este término, "se entenderá que la moción de sentencia sumaria queda sometida para la consideración del tribunal". Regla 36.3(e) de Procedimiento Civil, *supra*, R. 36.3(e).

Ahora bien, en lo atinente al estándar de revisión aplicable, este Tribunal de Apelaciones utilizará los mismos criterios que el foro de primera instancia al determinar la correspondencia de la sentencia sumaria, aunque limitado a considerar aquellos documentos presentados en el foro primario

y obligado a cumplir con la Regla 36.4 de Procedimiento Civil, *supra*. Debemos, por tanto, examinar *de novo* el expediente y verificar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de forma; luego, revisar si en realidad existen hechos materiales en controversia y, de encontrar que los hechos materiales realmente están incontrovertidos, revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el derecho. *Meléndez González et al. v. M. Cuebas*, *supra*.

La sentencia sumaria procede si luego de un adecuado descubrimiento de prueba la parte demandante no cuenta con evidencia suficiente para establecer su causa. *Ramos Pérez v. Univisión*, supra, pág. 218. Esta norma descansa en la premisa de que le corresponde a la parte demandante probar su caso. Si la parte demandante no cuenta con prueba luego de terminar el descubrimiento de prueba, no hay razón para ir a juicio. *Íd.*

Sin embargo, la sentencia sumaria generalmente no procederá cuando existan controversias sobre hechos esenciales materiales, o si la controversia del caso está basada en elementos subjetivos como intención, propósitos mentales, negligencia o credibilidad. *Cruz, López v. Casa Bella y otros*, 213 DPR 980, 993 (2024); *Acevedo y otros v. Depto. Hacienda y otros*, 212 DPR 335 (2023); *Segarra Rivera v. Int'l. Shipping et al.*, 208 DPR 964 (2022). Un hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable. *BPPR v. Zorrilla y otro*, 214 DPR 329, 338 (2024); *Oriental Bank v. Caballero García,* 212 DPR 671 (2023); *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 299 (2012); *Ramos Pérez v. Univisión*, supra, pág. 213.

Ahora bien, el Tribunal Supremo ha reiterado que cualquier duda no es suficiente para derrotar una moción de sentencia sumaria, pues debe tratarse de una incertidumbre que permita concluir que existe una controversia real sobre hechos relevantes y pertinentes. *Íd.* Además, existen casos que no se deben resolver mediante sentencia sumaria, porque resulta difícil reunir la verdad de los hechos mediante declaraciones

juradas o deposiciones. *Jusino et als. v. Walgreens*, 155 DPR 560, 579 (2001). De igual modo, no es apropiado resolver por la vía sumaria "casos complejos o casos que involucren cuestiones de interés público". *Íd.* No obstante, la sentencia sumaria procederá si atiende cuestiones de derecho. *Universal Ins. y otro v. ELA y otros*, 211 DPR 455, 472 (2023).

**III.**

Por estar relacionados entre sí, procedemos a discutir los errores señalados en conjunto. En dichos errores, la parte apelante plantea que incidió el Tribunal de Primera Instancia al emitir una *Sentencia Sumaria Parcial* desestimando la *Demanda* en cuanto a la parte apelada. Adujo que existen controversias de hechos esenciales y materiales, y que la desestimación fue prematura, ya que era necesario realizar un descubrimiento de prueba. Asimismo, alegó que de la propia solicitud de sentencia sumaria surgen contradicciones de asuntos materiales que impiden dictar el mencionado remedio en esa etapa de los procedimientos.

Cabe señalar que, como foro apelativo, nos corresponde revisar *de novo* la *Solicitud de Sentencia Sumaria* instada por la parte apelada. Ello, ya que estamos en la misma posición que el Tribunal de Primera Instancia al momento de dicha revisión y debemos aplicar los mismo criterios y jurisprudencia exigidas al foro sentenciador. Sin embargo, estamos limitados a considerar solo aquellos documentos presentados en el foro primario. Además, en el ejercicio de esa revisión, debemos examinar el expediente de la manera más favorable a la parte que se opuso a la moción de sentencia sumaria en el foro primario.

Hemos examinado minuciosamente *de novo* el trámite procesal, el expediente ante nos, los escritos de las partes, así como la normativa aplicable y concluimos que el foro primario erró en su determinación. Nos explicamos.

Luego de evaluar la totalidad del expediente ante nos, colegimos que existen controversias sobre hechos medulares que impiden la solución de la presente causa por la vía sumaria en esta etapa del procedimiento.

La parte apelada formuló, como hecho esencial y pertinente sobre el cual alega que no hay controversia sustancial que "[e]l personal de LUMA observó que el poste de madera es uno de facilidades de comunicaciones y no contaba con facilidades eléctricas por lo que no forma parte del sistema de transmisión y distribución eléctrico que maneja LUMA". Para sustentar este hecho, presentó una declaración jurada y una certificación sobre una inspección realizada en el lugar de los hechos, ambas por un empleado de LUMA.[13] Tanto en la declaración jurada como en la certificación, dicho empleado concluyó que el cable con el que alegadamente se electrocutó el equino y los demandantes no son parte del sistema de transmisión y distribución eléctrico que opera LUMA, sino que era un "mensajero de comunicaciones". Certificó que la parte apelada no tiene inherencia alguna sobre el cable que se alega causó el incidente relatado en la *Demanda*.

Además, en su alegato en oposición, sostiene que un cable de comunicaciones no puede generar los niveles de voltaje característicos de líneas eléctricas. Alega que si el cable en cuestión hubiese sido eléctrico, las consecuencias del incidente hubiesen sido dramáticamente más severas. Enfatiza que la evidencia presentada por LUMA demuestra categóricamente que los cables con los que tuvo contacto el equino no forman parte del sistema y distribución eléctrico, y que la parte apelante no ha presentado ninguna evidencia que refute la certificación y declaración jurada que emitió su empleado.

Ahora bien, cabe señalar que la parte apelante no presentó ante el TPI escrito de oposición alguno a la solicitud de sentencia sumaria promovida por la parte apelada. Además, consideramos que los demandantes, que sí presentaron oposición, no controvirtieron adecuadamente los hechos incontrovertidos formulados por la parte apelada en dicha solicitud. Ello, ya que no cumplieron con los requisitos establecidos en la Regla 36.3(b) de Procedimiento Civil, *supra.* En

---

[13] Págs. 9 al 14 de la Entrada Núm. 42 del SUMAC TPI.

particular, no presentaron ninguna declaración jurada ni otra prueba admisible en evidencia que demostrara aquellos hechos que se encuentran controvertidos.

No obstante, como expresamos anteriormente, una solicitud de sentencia sumaria no procederá cuando existan controversias sobre hechos esenciales materiales, o si la controversia del caso está basada en elementos subjetivos como intención, propósitos mentales, negligencia o credibilidad. *Cruz, López v. Casa Bella y otros*, supra; *Acevedo y otros v. Depto. Hacienda y otros*, supra; *Segarra Rivera v. Int'l. Shipping et al.*, supra. Además, nuestro más Alto Foro ha expresado que "existen litigios y controversias que por su naturaleza no resulta aconsejable resolverlos mediante una sentencia dictada sumariamente […]". *Jusino et als. v. Walgreens*, supra, pág. 579, citando a *Soto v. Hotel Caribe Hilton*, 137 DPR 294, 311 (1994); *García López v. Méndez García*, 88 DPR 363, 379 (1963).

Ante ello, evaluado de *novo* la solicitud de sentencia sumaria, consideramos que existen controversias sobre hechos medulares en esta etapa del procedimiento. En específico, tal como lo expresó la parte demandante en su *Oposición*, no nos está claro si el poste en cuestión es de uso mixto, o sea, eléctrico y de telecomunicaciones. Tampoco está claro quién es responsable o no del cable allí presente. Además, al ser respaldada la solicitud de sentencia sumaria por una declaración jurada y una certificación, provenientes de un mismo empleado de la propia parte apelada, somos del criterio que hay un elemento subjetivo de credibilidad. A su vez, es una controversia que por su naturaleza no resulta aconsejable resolverla mediante una sentencia dictada sumariamente, en esta etapa del proceso. Los documentos anejados no son suficientes para demostrar categóricamente el hecho propuesto por la parte apelada. En vista de ello, es necesario dar la oportunidad de llevar a cabo descubrimiento de prueba para así determinar la procedencia del cable en cuestión y el responsable de este.

En fin, en virtud del razonamiento aquí vertido, procede declarar No Ha Lugar la *Solicitud de Sentencia Sumaria* presentada por la parte apelada. En su consecuencia, corresponde devolver el caso al foro primario, para iniciar un descubrimiento de prueba y así dilucidar el hecho en controversia.

**IV.**

Por los fundamentos que anteceden, revocamos la *Sentencia* apelada. En consecuencia, se declara No Ha Lugar la *Solicitud de Sentencia Sumaria* promovida por la parte apelada y se devuelve el caso al Tribunal de Primera Instancia, Sala Superior de Bayamón, para iniciar un descubrimiento de prueba.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones